UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABHISHEK THAKUR,

Petitioner,

v.

GERALD MOSS, WARDEN OF THE CENTRAL VALLEY ANNEX,[1]

Respondents.

No. 1:26-cv-04658-DC-JDP

ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS

(Doc. Nos. 1, 13, 15)

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 13), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

This court has previously addressed the legal issues raised by Count Two of the petition (Doc. No. 1 at 14–16). Specifically, this court has found that the Due Process Clause requires

---

[1] On June 24, 2026, Petitioner file a notice of substitution of his immediate custodian, specifically to replace "Scarlet Grant, Warden of Cimarron Correctional Facility" with "Gerald Moss, Warden of the Central Valley Annex," as the lead Respondent in this case due to his transfer to the Central Valley Annex in McFarland, California just days after he filed his petition, which led the U.S. District Court for the Western District of Oklahoma to transfer his case to this court. (Doc. No. 7.) The court will grant that substitution and direct the Clerk of the Court to update the docket to reflect that Gerald Moss, Warden of the Central Valley Annex is the lead Respondent in this case. In light of the substitution of Petitioner's immediate custodian and the fact that he is in custody in this district, the court will deny Respondents' motion to change venue (Doc. No. 15).

1

that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).

On June 24, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc. No. 14.) The court also directed Respondents to address whether there are any factual or legal issues in this case that materially distinguish it from this court's prior orders in *Selis Tinoco*, *Labrador-Prato*, and *D.L.C.* (*Id.*)

On June 29, 2026, Respondents filed their opposition to Petitioner's motion for temporary restraining order in which they oppose Petitioner's motion on the same grounds as those addressed by the court in the aforementioned cases, but acknowledge that they "do not distinguish this case from the others cited in the Court's minute order." (Doc. No. 17 at 1.) Respondents further indicate that they are amenable to the court ruling directly on the petition. (*Id.* at 2.) On that same day, Petitioner filed his reply indicating that he likewise does not oppose the court ruling directly on the petition. (Doc. No. 18 at 5.)

Because Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 13) and petition for writ of habeas corpus (Doc. No. 1) as to Count Two for the reasons set forth in

2

the court's order in *Altin*.[2] Further, as the court found in *Altin*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's immediate release. *Id.* at 12–13.

Accordingly,

1.    Petitioner's notice of substitution of custodian (Doc. No. 12) is GRANTED;

2.    The Clerk of the Court is directed to update the docket to reflect that "Gerald Moss, Warden of the Central Valley Annex," is the lead Respondent in this case in place of Respondent "Scarlet Grant, Warden of Cimarron Correctional Facility";

3.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 13) are GRANTED as follows:

a.    Petitioner Abhishek Thakur (A-246-990-467) shall be released immediately from Respondents' custody with the same conditions he was subject to immediately prior to his detention on May 15, 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

b.    If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

c.    This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable

---

[2]  Because the court is granting the petition on the due process claim (Count Two), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Indeed, Petitioner is entitled to the habeas relief he seeks based on the court's ruling as to Count Two.

final order of removal and Petitioner receives notice of that final order of removal;

4.    Respondents' motion to change venue (Doc. No. 15) is DENIED;

5.    The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

6.    The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:    **June 29, 2026**

Dena Coggins
United States District Judge

4